UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.

JAMES WILLIAM THOMAS, III,

Defendant.

Criminal No. 2:18cr58

## ORDER

Before the Court are Objections filed by Defendant James William Thomas, III to the Report and Recommendation issued by the Magistrate Judge regarding Defendant's First Motion to Suppress. ECF No. 79. Also before the Court are Defendant's Objection to Appointment of Currently Assigned Stand-by Counsel, ECF No. 80, and Defendant's Motion to Transfer, ECF No. 84. For the reasons stated herein, Defendant's objections to the Report and Recommendation are **OVERRULED**. Defendant's request that his current standby counsel be relieved from duty is **GRANTED**, and no new standby counsel will be appointed. Defendant's Motion to Transfer is **DENIED**.

I. BACKGROUND

The Magistrate Judge's Report and Recommendation contained a detailed recitation of the facts surrounding the search of Defendant's home and the seizure of property therefrom. The Court adopts the Magistrate Judge's factual findings in full.

In 2014, the Southampton County Sheriff's Office began investigating a series of burglaries that had occurred in Southampton County during a short timespan that year. ECF No. 51 at 55. Items stolen during these burglaries ranged from small household items to larger items

1

such as a refrigerator. *Id.* at 57. Lieutenant Camden Cobb testified at the hearing before the Magistrate Judge that in each of the burglaries, "it seemed like everything was taken." *Id.*

In February 2014, Robert Clarke's home was burglarized. *Id.* at 59. Mr. Clarke told police that he had observed a white male drive a white pick-up truck by his house regularly, and that he suspected that person of being the culprit. *Id.* at 60. Mr. Clarke informed the detectives that he believed that the suspect lived in a trailer near Mr. Clarke's home. *Id.* He also gave the detectives a list of thirty-eight items that he believed were stolen. *Id.* at 65, 67.

On April 27, 2014, a coin shop and attorney's office were burglarized in nearby Franklin, Virginia. *Id.* at 68, 91. The burglar came back later that night, was arrested, and was identified as Defendant. *Id.* Incident to Defendant's arrest, police recovered power tools that were consistent with tools Mr. Clarke had previously reported stolen, and Mr. Clarke's name was written on a drill battery recovered from Defendant. *Id.* at 68–69.

Following Defendant's arrest, Lt. Cobb wrote an affidavit for a search warrant for Defendant's residence, which was issued. *Id.* at 71. The affidavit read, in part,

> things or persons to be searched for are . . . [a]ny and all items and evidence related to the crimes of larceny and burglary, to include but not limited to, cash, televisions and other electronic devices, power tools, outdoor equipment, chainsaws, firearms, ammunition, bows, binoculars, rods and reels, game cameras, various types of hunting equipment and sporting goods, camouflage clothing and household goods, and any and all similar items.

ECF No. 16-1.

The search was permitted for

> Any and all items and evidence related to the crime of Larceny and Burglary, to include but not limited to cash, televisions and other electronic devices, power tools, outdoor equipment, [chainsaws], firearms, bows, binoculars, rods and reels, game cameras, various types of hunting equipment and sporting goods, camouflage clothing and household goods and any and all similar items[.]

*Id.*

2

The Southampton County Sheriff's Office executed the search warrant over the course of three days. ECF No. 51 at 75–76. Lt. Cobb testified that after officers began to inventory the items known to be stolen, they "started to find evidence of other burglaries and break-ins, and that information was fairly quickly verified." *Id.* at 76.

Many of the items in Defendant's residence had the names of the true owners written on them. *Id.* at 82–84, 92. Eventually, the Sheriff's Office determined that items that were newer or of nicer quality were likely to be stolen. *Id.* at 95–96. The Sheriff's Office then obtained a second search warrant, which was identical in the items to be searched but added an updated probable cause statement. *Id.* at 98–99.

In executing the search warrant, the Sheriff's Office seized numerous electronic devices. *Id.* at 104. The Sheriff's Office then attempted to determine the ownership of those devices. *Id.* Law enforcement checked the exteriors of the devices to see if they had identifying information and they also contacted the manufacturers of the devices. *Id.* at 105–06. The police determined the owners of several devices using this method.

Other devices were identified by the original owners themselves. *Id.* at 107–08. Police also accessed storage devices such as flash drives to determine ownership and were successful in at least two instances. *Id.* at 41, 109–110, 145.

One external hard drive and one thumb drive contained evidence of child pornography. *Id.* at 11–13, 115. Upon discovering this information, officers did not access the devices again and instead sought a warrant. *Id.* at 118. The devices were later turned over to the Federal Bureau of Investigation ("FBI"). A computer that was seized by law enforcement but never accessed because it appeared to be Defendant's personal computer was also given to the FBI. *Id.*

at 119–20, 131–32. The FBI obtained a search warrant and discovered what appeared to be child pornography on the devices. *Id.* at 48.

Defendant sought to suppress evidence of child pornography found on a laptop and on several storage devices. ECF No. 16. The Magistrate Judge held a hearing and denied Defendant's Motion to Suppress with respect to the electronic devices. Defendant also moved to suppress evidence obtained from the seizure of personal notebooks. The Magistrate Judge recommended that such evidence be suppressed. Neither party objected to this recommendation. The Court **ADOPTS** and **APPROVES** the Magistrate Judge's recommendation that the evidence obtained as a result of the search and seizure of Defendant's notebooks should be suppressed. Defendant's objections to the remainder of the Magistrate Judge's recommendations are analyzed below.

## II. STANDARD OF REVIEW

The district court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which an objection is made. 28 U.S.C. § 636(b)(1)(c). The district judge may accept, reject, or modify the recommendation., receive further evidence, or resubmit the matter to the Magistrate Judge with instructions. Fed. R. Crim. P. 59(b)(3). For the Court to consider objections to a Report and Recommendation, the party must specifically identify the portions objected to and the basis for such objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation.").

## III. ANALYSIS

### A. Defendant's Objection to Standby Counsel

Defendant objects to his current standby counsel, alleging that standby counsel "is guilty of being aware of a framing, choosing to sit idle and not take actions to defend his client, and covering-up for other guilty participants." ECF No. 80 at 1. The Court has broad discretion to define "what, if any, assistance standby, or advisory, counsel may provide a defendant conducting his own defense." *United States v. Lawrence*, 161 F.3d 250, 253 (4th Cir. 1998). Defendant argues that he is "being framed by an interwoven conspiracy amongst members of the legal community and law enforcement within Southeastern Virginia." *Id.* The Government does not object to the dismissal of standby counsel but objects to the appointment of replacement counsel as futile. ECF No. 81. The Court agrees with the Government that Defendant is not likely to accept even standby representation of an attorney in this area while believing in this conspiracy against him.[1] After numerous conflicts with multiple appointed attorneys, both at the state and federal level, it appears that any attempted assistance of counsel will only result in further disputes. Standby counsel Gregory Klein, Esq., is dismissed from this case, and no new standby counsel is appointed.

### B. Defendant's Motion to Transfer

Defendant moves this Court to transfer this matter to "a locality that it deems sufficiently distant from this area's community to not prejudice and interfer[e] with [his] right to defense counsel with undivided loyalties and a fair trial." ECF No. 84. In support, Defendant alleges that his state counsel on his state charges was ineffective and that his federal counsel have

---

[1] Defendant also states that "[i]n the event that a trial takes place, [standby counsel] will be called upon to answer the defense's questions about his involvement." ECF No. 80 at 1–2. Defendant is reminded that only relevant evidence will be admitted at trial.

5

refused to advance arguments on Defendant's behalf for fear of straining their relationship with his state counsel. *Id.*

Under Federal Rule of Criminal Procedure 21(a), "upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a).

The Court concludes that Defendant can receive a fair trial in this district. Defendant's request for transfer is based upon his view of the professional relationships of attorneys in this area. Defendant has provided no credible evidence of bias on the part of his defense counsel or of misconduct on the part of defense counsel or the Government's attorneys. Nevertheless, given that Defendant has now been granted leave to represent himself, that an attorney may be biased against him is moot.

Nor has Defendant shown that jurors in the area would be biased against him. He has presented no evidence on this point, and the Court finds that proper *voir dire* can cure any potential biases. Defendant's Motion to Transfer is **DENIED**.

### C. *Defendant's Objections to the Report and Recommendation*

Defendant first objects in a general manner to the proceedings, stating that he "object[s to] the entire document (ECF No. 57) because it was decided without an adequately established record." ECF No. 79 at 2. Objections made to a Magistrate Judge's decision must be made "with sufficient specificity so as reasonably to alert the district court of the true ground of the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Objections must also respond to specific errors in the order, and general or conclusory objections are improper. *See Orpiano* 687 F.2d at 47. General or conclusory objections are the equivalent of a waiver. *Id.*

Boilerplate objections demonstrate "the very disregard for the role of district courts that the waiver rule is designed to combat." *Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997). The Magistrate Judge held a full, detailed hearing and heard considerable testimony. Defendant had multiple attorneys argue on his behalf. The matter was decided on a fully established record. Defendant's general objections are **OVERRULED**.

Defendant's first specific objection is to the Magistrate Judge's finding that the search warrant was not overbroad or insufficiently particularized. ECF No. 79 at 2–15. Defendant argues that the search warrant was an unconstitutional "general warrant," as evidenced in part by the inclusion of the words "but not limited to" in the list of items to be seized. He argues that the search warrant lists many broad categories, some of which were not connected to the robbery of Mr. Clarke's residence, and that the search warrant ultimately contained no limiting principle.

The contested section in the search warrant reads:

> Any and all items and evidence related to the crime of Larceny and Burglary, to include but not limited to cash, televisions and other electronic devices, power tools, outdoor equipment, [chainsaws], firearms, bows, binoculars, rods and reels, game cameras, various types of hunting equipment and sporting goods, camouflage clothing and household goods and any and all similar items[.]

ECF No. 16-1.

The Fourth Amendment to the United States Constitution provides that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. A reviewing court should "resist the temptation to 'invalidate warrants by interpreting affidavits in a hypertechnical, rather than a commonsense, manner.'" *United States v. Blackwood*, 913 F.2d 139, 142 (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). A warrant need not provide a list of times, or even name any type of item, as long as the items sought can be identified with

"reasonable certainty." *United States v. Dickerson*, 166 F.3d 667, 696 (4th Cir. 1999), *reversed in part on other grounds*, 530 U.S. 428 (2000). A magistrate's determination of probable cause with respect to a search warrant should be afforded great deference. *Gates*, 462 U.S. at 236.

The Magistrate Judge found that the warrant identified the type of crime being investigated, as well as the types of items stolen. ECF No. 57 at 16. The Magistrate Judge found that the list of items specified in the search warrant was sufficiently particularized and adequately provided the officers with "readily ascertainable guidelines . . . as to what items to seize." *Id.* at 17 (quoting *Dickerson*, 166 F.3d at 696).

The Court agrees with the Magistrate Judge's determination. The warrant lists several categories of items related to the crimes of larceny and burglary. Each of these categories was adequately supported by probable cause. The search warrant authorizes the seizure of these "and all similar items." The listing of these categories and the phrase "all similar items" modifies the language "any and all" that begins at the beginning of the paragraph. The warrant gives officers guidance regarding the items to seek and is not the type of general warrant forbidden by the Fourth Amendment.

Defendant argues that the warrant should have specified only items that the officers knew were missing from the February 2014 break-in of Robert Clarke's home. Under *Dickerson*, law officers were not required to restrict the warrant to only specific items missing from Mr. Clarke's home. The police were investigating other similar burglaries, and so reasonably included items and groups of items that were missing from those burglaries. Defendant was apprehended during the commission of a burglary, making it reasonable for police to suspect that Defendant may have been involved in other similar burglaries that had occurred nearby during a brief time period. To the extent that some of the categories listed on the warrant may be broad, this appears

due to the sheer amount of items stolen. *See* ECF No. 51 at 82–83. The categories are broad because the amount and diversity of items stolen was great. Defendant's objection regarding overbreadth is **OVERRULED**.

Defendant next objects to the Magistrate Judge's finding that the search and seizure of the electronic devices were lawfully within the scope of the warrant. ECF No. 79 at 16. The Magistrate Judge found that seizure of these devices was appropriate under the warrant's category of "televisions and other electronic devices." ECF No. 57 at 23–24.

Although the specific electronics recovered were not part of the Robert Clarke burglary, those devices were nevertheless well within the scope of the search warrant. The Magistrate Judge relied on *Anglin v. Dir., Patuxent Inst.*, 439 F.2d 1342 (4th Cir. 1971), in which the police began surveillance of a residence believed to belong to an experienced burglar. *Id.* at 1343. Police obtained a search warrant describing twenty-seven items from a recent break-in that were believed to be at the residence. *Id.* at 1344. Police executed the search warrant while the defendant's spouse was present. *Id.* She assisted them in identifying stolen property, which was almost all of the property in the trailer. *Id.* Ultimately, police seized over 700 stolen items. *Id.* at 1345. The district court denied the defendant's petition for a writ of habeas corpus, and the United States Court of Appeals for the Fourth Circuit affirmed. *Id.* at 1343.[2] In so deciding, the Fourth Circuit held that "it is senseless to require police to obtain an additional warrant to seize items they have discovered in the process of a lawful search." *Id.*

Defendant's attempt to distinguish *Anglin* as a "plain view" decision fails. Although the incriminating nature of many items seized was not immediately apparent, the facts presented

---

[2] Defendant attempts to distinguish *Anglin* by pointing out that the search warrant in *Anglin* named the twenty-seven items with exact specificity. This fact undermines Defendant's scope argument. It is undisputed that the vast majority of items seized by the authorities in *Anglin* were not listed specifically on the search warrant, but the Fourth Circuit nevertheless upheld seizure of those items.

9

here have much in common with *Anglin*. In *Anglin*, as here, the police had probable cause to believe that the home was a treasure trove of stolen property and that its occupant was an experienced burglar. Many items had the names of burglary victims written on them. The police reasonably concluded that items of a higher quality were stolen and, accordingly, "items related to the crime of larceny and burglary" to include "televisions and other electronic devices" as specified in the search warrant. Just as in *Anglin*, the property seized was of the same nature and substance described in the search warrant. Defendant's objection regarding the scope of the warrant is **OVERRULED**.

Defendant next objects to the Magistrate Judge's conclusion that he lacks standing to object to the search of the electronic devices. ECF No. 79 at 36. The Court agrees with the Magistrate Judge's conclusions regarding standing. The Court notes, however, that because the search of the electronic devices to determine ownership was lawful, as discussed below, Defendant could not prevail on his constitutional claim even if he had standing. Defendant's objection regarding standing is **OVERRULED**.

Defendant objects to the Magistrate Judge's finding that the search of the electronic devices to determine ownership was lawful. ECF No. 79 at 49. Defendant has a reasonable expectation of privacy in his personal computer that society is prepared to recognize. *See, e.g., Riley v. California*, 134 S. Ct. 2473, 2485 (2014) (requiring a search warrant before searching a defendant's cellular telephone). Defendant, however, has no reasonable expectation of privacy in the contents of stolen electronics in his possession. *See United States v. Caymen*, 404 F.3d 1196, 1200 (9th Cir. 2005).

The Magistrate Judge found that law enforcement acted reasonably in believing the items to be stolen and in searching for the owners' identities. ECF No. 57 at 28. The Court agrees.

Searches were used only as a last resort, after the detectives attempted other methods of identification, such as inspecting the devices for a victim's name or a serial number or by calling the manufacturers. Officers determined that many of these electronic devices were stolen and identified several rightful owners.[3]

Moreover, when law enforcement discovered evidence of child pornography, they ceased their search and sought another search warrant. This is further evidence that they were attempting only to discover the identity of the owners. Officers reasonably did not believe that they were conducting a search at all. *See Illinois v. Rodriguez*, 497 U.S. 177, 183 (1990) (holding evidence not suppressed where an officer entered a defendant's home with the consent of a third party he reasonably believed had authority to consent but did not actually possess authority). Defendant's objections regarding the legality of the search of the electronic devices is **OVERRULED**.

Defendant's remaining objections are difficult to follow and do not respond to specific findings in the Magistrate Judge's Report and Recommendation. For example, Defendant attaches a document simply labeled "General Complaints." ECF No. 79 at 63. Defendant's remaining objections are **OVERRULED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Defendant's objections and **ADOPTS** and **APPROVES** the Report and Recommendation, ECF No. 57, in full. Defendant's request that his standby counsel be dismissed from the case, ECF No. 80, is **GRANTED** and no new standby counsel is appointed. Defendant's Motion to Transfer, ECF No. 84, is DENIED.

---

[3] Defendant states that he has testified under oath twice asserting ownership of all of the electronic devices. The police investigation found that these devices belonged to other individuals. Defendant was not subject to cross-examination during this testimony, and such testimony fails to contradict the police's finding that at least several of the devices belonged to owners other than Defendant.

The Clerk is **REQUESTED** to send a copy of this Order to Defendant and to all counsel of record.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

April 24th, 2019
Norfolk, Virginia