

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.

JAMES WILLIAM THOMAS, III,

Defendant.

Criminal No. 2:18-cr-58

## ORDER

Pending before the Court is Defendant James William Thomas, III's Motion for a Continuation of the Trial Date. ECF No. 129. Out of consideration for Defendant's *pro se* status and to ensure that Defendant has time to adequately prepare for trial, Defendant's Motion for a Continuation of the Trial Date (ECF No. 129) is **GRANTED**. The trial date of October 29, 2019 is **STRICKEN**.

### I.       Background

On April 5, 2018, a Grand Jury indicted Defendant on multiple counts of production and possession of child pornography. Indictment, ECF No. 1. Defendant was appointed a Federal Public Defender on May 4, 2018. *See* Minute Entry, ECF No. 7. On August 23, 2018, Defendant's attorney moved to withdraw, asserting that his relationship with Defendant had "completely broken down" because Defendant did not trust counsel. Mot. to Withdraw, ECF No. 21. The Court granted the motion and appointed new counsel under the Criminal Justice Act. ECF No. 24. The Court also, after a request from newly appointed counsel, continued the trial date to give Defendant's new attorney time to prepare for trial. *See* Status Report, ECF No. 27.

On November 5, 2018, Defendant's new attorney moved to withdraw, asserting that Defendant lacked confidence in counsel and had requested that he withdraw. Mot. to Withdraw,

1

ECF N. 38.  On November 11, 2018, the Court denied the motion on the grounds that Defendant had already been appointed new counsel once for a similar reason, and because Defendant had been advised previously that the Court would not continue to replace counsel merely due to disagreements about the law.  Order, ECF No. 46.  Although Defendant asserted his desire to represent himself during a hearing on the second Motion to Withdraw, Defendant also testified that he did not wish to represent himself and give up his right to counsel.  Order at 7, ECF No. 46.  The Court found that Defendant did not "clearly and unequivocally invoke his right to self-representation."  *Id.*

Defendant subsequently submitted a letter to the Court stating his "unequivocal decision to represent himself."  Submission, ECF No. 61.  Defendant stated that he was not asking to represent himself "as a way to secure a delay" and that he was "in a position to move forward without any delay if so required."  *Id.* at 2.  Defendant's attorney then filed another Motion to Withdraw (ECF No. 70), which the Court granted on February 13, 2019.  Order, ECF No. 72.  Trial was reset for July 16, 2019.

The Government began preparing for trial.  *See, e.g.*, Proposed Jury Instructions, ECF No. 99; Proposed Voir Dire, ECF No. 100; and Notice of Expert Witness Disclosures, ECF No. 101.  Meanwhile, Defendant filed a second, third, and fourth Motion to Suppress.  Mots. to Suppress, ECF Nos. 102–04.

On July 3, 2019, Defendant filed a Motion for Declaration of Mistrial, asserting that he never received notice of the July 16, 2019 trial date.  Mot. for Decl. of Mistrial, ECF No. 113.  Due to the late notice and Defendant's *pro se* status, the Government did not oppose the motion.  Resp., ECF No. 114.  The Court construed Defendant's motion as a request to continue the trial date and reset trial for October 29, 2019.  Order, ECF No. 117.  In the same Order, the Court appointed new

2

standby counsel. *Id.* at 1. On July 16, 2019, the Court informed Defendant that all pretrial motions must be filed by August 7, 2019. ECF No. 122; *see also* Order at 2, ECF No. 117 (reminding Defendant that all pretrial motions must be filed by the cutoff date).

On July 2, 2019, the Government met with Defendant to provide him access to discovery materials. Notice of Intent, ECF No. 98. At Defendant's request, the Government returned on July 5, 2019 to provide Defendant additional access. Gov't Opp. to Mot. to Continue at ¶ 2, ECF No. 138. The Government informed Defendant at that time that he would likely need a forensic computer expert to analyze the evidence. *Id.*

On August 12, 2019, Defendant submitted a notice to the Court that he did not intend to file any additional motions. ECF No. 126. He also sought an evidentiary hearing on his pending Motions to Suppress. *Id.*; *see also* Letter, ECF No. 123; Mot. for Evidentiary Hr'g, ECF No. 125 (requesting evidentiary hearing on motions to suppress). On September 10, 2019, the Court denied Defendant's second, third, and fourth Motions to Suppress, along with Defendant's request for an evidentiary hearing. Order, ECF No. 127.

On September 20, 2019, Defendant filed this Motion for a Continuation of Trial. ECF No. 129. He requests that trial be reset for "after the 2019 Holiday Season."[1] *Id.* at 5. The Government opposes Defendant's Motion, and asks that trial proceed on October 29, 2019. Gov't Opp. to Mot. to Continue, ECF No. 138.

---

[1] The Court also notes that since filing the Motion for a Continuation of the Trial, Defendant has filed a number of additional motions, including a Motion to Suppress Recently Disclosed Evidence (ECF No. 132), a Motion to Compel Discovery (ECF No. 134), and a Motion for Sanctions (ECF No. 139). These Motions have all been filed beyond the pretrial motions cutoff date.

## II.     Legal Standards

"[D]istrict courts have broad discretion in determining whether to grant or deny a request for a continuance." *United States v. Johnson*, 683 F. App'x 241, 251 (4th Cir. 2017); *see also United States v. Lawrence*, 161 F.3d 250, 254 (4th Cir. 1998) ("A district court is entitled to broad discretion with respect to a decision to deny a continuance."). Although some deference is afforded to *pro se* defendants, there need to be "some limit[s on] a *pro se* defendant's ability to manipulate the system." *Johnson*, 683 F. App'x at 251 (citing *United States v. West*, 877 F.2d 281, 287 (4th Cir. 1989)).

Courts have a basis to deny a *pro se* defendant's request for a continuance where the defendant has been warned about the dangers of representing himself, where the need for additional time is caused by the defendant's own misuse of the time and resources he has been given, where the *pro se* defendant has already been given multiple months to prepare for trial, and where he has competent standby counsel to consult with. *See Johnson*, 683 F. App'x at 251; *Lawrence*, 161 F.3d at 254.

## III.    Analysis

The Court has ample reasons to deny Defendant's motion to continue the trial date. Defendant was warned of the risks of representing himself. Hr'g Tr. at 36:16–22 (advising Defendant that in the Magistrate Judge's "opinion[,] a trained lawyer would defend [him] far better than [he] can defend [himself]," that "it is unwise of [him] to try to represent [himself]," that he "[is] not familiar with the law[,] . . . not familiar with court procedure[,] . . . not familiar with the Rules of Evidence," and "strongly urg[ing] Defendant] not to try to represent" himself). Defendant confirmed that he understood these risks, and that he nevertheless wished to assert his right to self-representation. Submission, ECF No. 61 (stating that he "realize[s] that the proceedings will be

4

complex, conducted according to the [R]ules of [E]vidence and [C]riminal [P]rocedure, and that a trained professional . . . could probably better represent [him]"). Defendant also indicated that he was "prepared to move forward without any delay." *Id.* at 2. Now, nine months later, Defendant asserts that he needs additional time to prepare for trial. Mot. to Continue, ECF No. 129.

To the extent that Defendant needs additional time, this need arises from misuse of the time he has been given. Defendant admits that he misused the time between the August 7, 2019 pretrial motions cutoff date and the instant Motion preparing for a motions hearing that was never scheduled. *Id.* at 4. Defendant also apparently spent much of this time—and much of his time since filing the instant Motion—preparing additional filings,[2] despite Defendant's assurance to the Court on August 12, 2019 that he was done filing motions. ECF No. 126. These were unreasonable uses of Defendant's time given the fast approaching trial date.

Further, Defendant has had robust notice of the looming trial date and his need to prepare himself for trial. Defendant was advised of his *pro se* status on February 13, 2019. Order, ECF No. 72. He has had notice of the October 29, 2019 trial date since July 10, 2019. Order, ECF No. 117. By early July 2019, the Government disclosed discovery materials to Defendant and informed Defendant that it would be utilizing expert witnesses at trial. Notice of Intent to Disclose Disc. Materials, ECF No. 98; Notice of Expert Witness Disclosures, ECF No. 101; Gov't Opp. to Mot. to Continue at ¶ 2, ECF No. 138. In light of this robust notice, Defendant's failure to prepare is unreasonable.

Finally, Defendant has had current standby counsel available to him since July 10, 2019. Order, ECF No. 117. Standby counsel is competent and available to answer Defendant's questions

---

[2] These filings include a fifth Motion to Suppress (ECF No. 132), a Motion to Compel Discovery (ECF No. 134), and a 19-page Motion for Sanctions against the government attorneys in this case (ECF No. 139).

on procedure and deadlines.  Defendant apparently has not availed himself of this resource to timely prepare for trial.  Thus, the Court has ample justification to deny Defendant's Motion for a Continuation.

Nevertheless, Defendant is unprepared for trial.  The matters before the Court are complex, and Defendant is not a trained attorney.  *See* Mot. to Continue at 4, ECF No. 129.  Due to Defendant's *pro se* status, his specific assertion that he needs additional time to obtain witnesses, experts, and an investigator, *cf. Barham v. Powell*, 895 F.2d 19, 24 (1st Cir. 1990) (denying a continuance, but noting that it may have been viewed differently had the request been based "on a specific need" rather than a general request for more time to perform legal research), and to best serve the ends of justice, the Court **GRANTS** Defendant's request for a continuation of the trial.

However, Defendant is warned that the misuse of time is not an acceptable reason to seek additional continuances.  Defendant is advised to consult with standby counsel and to spend his time between the date of this Order and the new trial date preparing for trial rather than preparing and filing additional motions.  Subsequent motions to continue trial will not be liberally granted out of consideration for Defendant's *pro se* status.

Defendant is also advised that the pretrial motions deadline is extended for the *limited purpose* of filing motions *necessary* for trial preparation.  Such motions must be filed by November 12, 2019.

## IV.    Speedy Trial Act

Although Defendant reminds the Court that he has waived his right to a speedy trial, this right is not waivable.  *Zedner v. United States*, 547 U.S. 489, 500–01 (2006) (citations omitted). The Court must specifically find that the ends of justice to be served by a continuance of the trial

date "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Here, the ends of justice would be served by ensuring that *pro se* Defendant has adequate time to prepare for trial. Defendant asserts that he requires a continuance in order to be adequately prepared to defend himself at trial. Mot. to Continue, ECF No. 129. This additional time will afford Defendant the ability to call witnesses and experts at trial. While delay might prejudice the public's interest in swift resolution of criminal matters, this continuance—allowing this *pro se* Defendant in a complex case significant time to prepare his defense, to locate witnesses, and to obtain the services of experts—serves the ends of justice and outweighs the public's interest in a speedy resolution of the case. *See, e.g.*, *United States v. Walker*, No. 3:09cr366, 2010 WL 2976049 (E.D. Va. July 28, 2010) (finding the ends of justice served where the failure to grant a continuance would deny counsel the ability to prepare effectively); *United States v. Mallory*, No. 1:09cr228, 2010 WL 1039831 (E.D. Va. Mar. 19, 2010) (finding that allowing a defendant who had sought a continuance time to adequately prepare for trial outweighed the public interest in swift resolution). Defendant is warned that, in light of the public's interest in the swift resolution of criminal matters, further delay will not be considered favorably.

## V.     Conclusion

For the foregoing reasons, Defendant's Motion for a Continuation of Trial (ECF No. 129) is **GRANTED**. The pretrial motions deadline is extended to November 12, 2019 for the limited purpose of filing motions related to trial preparation. The parties are **DIRECTED** to contact the Courtroom Deputy within seven days of the date of this Order to set a new trial date.

The Clerk is requested to send a copy of this Order to Defendant, his standby counsel, and the Assistant United States Attorney.

**IT IS SO ORDERED.**

Arenda L. Wright Allen
United States District Judge

October 15, 2019
Norfolk, Virginia

8