IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

**Norfolk Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:18cr58 |
| | ) | |
| JAMES WILLIAM THOMAS, III, | ) | |
| | ) | |
| *Defendant.* | ) | |

### GOVERNMENT'S POSITION WITH RESPECT TO
### SENTENCING FACTORS IN THE PRESENCE REPORT

COMES NOW the United States of America, by undersigned counsel, and in accordance with Section 6A1.2 of the <u>Sentencing Guidelines and Policy Statements</u> and this Court's policy regarding guidelines sentencing, the government hereby represents that it has reviewed the presentence report (PSR) prepared by the United States Probation Officer.   After reviewing the Presentence Investigation Report and applying the factors of Title 18, United States Code, Section 3553(a) to this case, the government's position is that a sentence of fifty-five (55) years of incarceration is appropriate.

**I.      The United States Has No Objection to the PSR**

The United States hereby represents that it has no objections to the facts, the findings or to the calculations of the presentence report.    The United States has not received any victim impact statements received from the victims in this case.   Should any victim impact statements be received, the government will forward them to the Court prior to sentencing.

**II.     A Sentence of Fifty-Five Years Incarceration Complies with the Factors and**
**Considerations Set Forth in 18 U.S.C. § 3553(a) and (b).**

In *United States v. Booker*, 543 U.S. 220, 264 (2005), the Supreme Court made clear that sentencing courts should "consult [the Sentencing] Guidelines and take them into account when

sentencing." *See also United States v. Biheiri*, 356 F.Supp.2d 589, 593 (2005) ("Justice Breyer's majority opinion in [*Booker*] sensibly teaches that the Sentencing Guidelines must still be taken into account pursuant to 18 U.S.C. § 3553(a) in fashioning an appropriate sentence."). The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "'provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities[.]'" *Booker,* 543 U.S. at 264 (*quoting* 28 U.S.C. § 991(b)(1)(B)). The Fourth Circuit has provided the following guidance in the wake of *Booker*:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a).

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Applying these sentencing factors to the facts of this case demonstrates that a sentence of fifty-five years of incarceration is appropriate and reasonable.

### A.     Nature and Circumstances of the Offense

The circumstances of this case are grim. On or about April 28, 2014, the Southampton County Sheriff's Office executed a search warrant on the defendant's residence related to a burglary investigation. When their search was completed, the Southampton County Sherriff's

Office identified items in the defendant's residence that were connected to over twenty (20) burglaries and larcenies in Southampton County and the surrounding area.   Investigators seized numerous computers or computer related items from the defendant's residence.   In order to determine the ownership of these devices, detectives checked serial numbers and powered them on to see if there was evidence of who owned them on the computers themselves.   During the course of this search, investigators found child pornography along with saved chats between the defendant and minor girls, as well as explicit photos and videos.

Ultimately, the Southampton County Sheriff's Office elected to turn the investigation over to the Federal Bureau of Investigation (FBI).   A full forensic analysis of the seized devices revealed that child pornography was present on the subject devices.   The examination identified over 5000 image files and 80 video files of child pornography on three of the seized devices. Additionally there were numerous folders with the names of females with whom the defendant was interacting with online and in some cases in person.   In the folders were explicit pictures and chats with these females, many of whom appear to have been juveniles when the activity took place.   Furthermore, the defendant kept detailed note files about his victims, including their names, ages, screen names, telephone numbers, and what sexual activities he had done with them. On some occasions, the defendant created sexually explicit images of himself engaged in sex acts with his minor victims.

In fact, the investigation revealed that the defendant posed as a 17 year old boy named Cody Austin and used a fake social media profile to groom and then abuse underage teenage girls. In reality, the defendant was an adult male in his late 20's at the time of the conduct.   Saved on his devices, investigators discovered approximately 198 folders named after unidentified females and there were 186 saved chat sessions saved in these folders.   Most of these chat sessions contained information at the top of the file about the individual with whom the defendant was

chatting.   This information included items such as their age, where they lived, how the defendant was able to obtain pictures from them, and any sexual experiences they may have told him about, among other things.   Most of these victims were underage and in the 12-16 year age range.   The chat logs revealed that the defendant engaged in sexually explicit conversations with these victims and hounded them to take naked pictures of themselves.   When they hesitated or refused, the defendant would heap mountains of abuse on them.   For instance, one victim, "Mallori", who was 12 at the time she chatted with the defendant, was hesitant to provide the defendant with naked pictures of herself.   In response, the defendant states, "this is sad," "nothing but lies," and "you seriously lead me on like woah."   Gov't's Trial Ex. 601 at 24.   With another victim, the defendant stated, "if ur gonna be shy and send crappy pics then go away… ur loss, im sexy and ur overweight."   Gov't's Trial Ex. 501 at 1.

In addition to soliciting child pornography online, the defendant met at least one minor victim in person and sexually abused and exploited her.   "Randi" was just 14 years old when she met the defendant.   The defendant went to her residence when her parents were not home, posed her in a variety of sexually explicit poses and took photos of her.   He then filmed the two of them engaged in sex acts.   The defendant met "Randi" two more times and did the same thing, all while she was underage.   "Randi" corroborated the fact that the defendant posed as "Cody Austin" and she met him online the same way that he groomed his other victims.

The facts of the case paint the picture of a true sexual predator.   The defendant sought out potentially almost 200 victims, lied to them, groomed them, and abused and exploited them to gratify his own sexual lust.   Such facts magnify the need for a lengthy prison sentence.   The depravity of the defendant's conduct is place him among the most egregious child sex offenders this Court typically sees and justify a lengthy sentence of incarceration.

**B.      Characteristics and History of the Defendant**

The defendant is a criminal history category III.   The defendant has a serious criminal history that involves a lengthy history of larceny, theft, and burglary.   The defendant's criminal record starts at the age of 18 when he was convicted of breaking and entering a church and stealing several items therein.   In 2014, the investigation that formed the genesis of this case, the defendant was convicted of numerous burglaries and firearms offenses.   In fact, the defendant was implicated in over 20 burglaries in Southampton County and the surrounding area.   The defendant's history of burglaries and firearms offenses are very troubling alone.   Coupled with the defendant's behavior towards his minor victims, the defendant's characteristics and history call for a lengthy sentence of incarceration.

Furthermore, the defendant has accepted no responsibility for his conduct.   Instead, he testified at trial and made several false statements in his testimony.   As such, he has been properly attributed an enhancement for obstruction of justice.   The defendant also further caused humiliation to his victims by forcing two of them to testify at the trial about their ordeal in front of complete strangers and having their images introduced into evidence.   The evidence of the defendant's guilt in this matter was overwhelming.   Instead of accepting responsibility and saving his victims further humiliation, he elected to proceed to trial and force their testimony. The defendant has learned nothing from his mistakes and has spent most of his time on this matter accusing the Southampton County Sheriff's Office and other government officials of misconduct.   Nothing in this record should give the Court any confidence that the defendant has placed himself on a path towards rehabilitation.

**C.      Need to Deter Future Criminal Conduct and to Protect the Public**

The defendant's sentence needs to accomplish the twin goals of deterring the defendant from engaging in future criminal conduct and to protect the public.   The government avers that

there is a strong likelihood that the defendant will return to abusing minor children and/or engaging in burglary and larceny events.  Further, the risk that the defendant and offenders like him pose to society support a significant sentence of imprisonment.  This defendant, in particular, poses a tremendous risk that he will re-offend because of the sheer magnitude of his offenses, nearly 200 individuals from whom he victimized and solicited to produce child pornography for him, and the over 20 houses he burglarized.  A lengthy sentence is therefore required to protect the public and deter him from considering the possibility of engaging in future misconduct once released from incarceration.

### D.    Need to Provide Treatment to the Defendant

Due to the nature of the defendant's crimes, the defendant should be ordered to participate in a sex offender treatment program while incarcerated.

### E.    Other Relevant Factors

Section 3553(a) also addresses other the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, to afford adequate deterrence to criminal conduct, and to prevent unwarranted sentencing disparities.  Here, a fifty-five year sentence would adequately address all of these concerns.

## III.    <u>Conclusion</u>

For these reasons, as well as additional reasons to be more fully articulated during the sentencing hearing on this matter, the United States respectfully requests that the Court sentence the defendant to a term of fifty-five (55) years of confinement.  The United States specifically requests concurrent sentences of twenty-five (25) years for each of Counts 1-5, concurrent sentences of twenty-five (25) years for each of Counts 6-8, but consecutive to Counts 1-5, and concurrent sentences of five (5) years for each of Counts 9-11, but consecutive to Counts 1-8.

RAJ PAREKH
ACTING UNITED STATES ATTORNEY

By        /s/
         Joseph L. Kosky
         Assistant United States Attorney
         Attorney for the United States
         United States Attorney's Office
         101 West Main Street, Suite 8000
         Norfolk, Virginia 23510
         Office Number (757) 441-6331
         Facsimile Number (757) 441-6689
         E-Mail Address - joseph.kosky@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I caused a true and correct copy of the foregoing to be mailed to the following non-filing user:

James William Thomas, III
Western Tidewater Regional Jail
2402 Godwin Boulevard
Suffolk, VA 23434

_____/s/_____
Joseph L. Kosky
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number (757) 441-6331
Facsimile Number (757) 441-6689
E-Mail Address - joseph.kosky@usdoj.gov