In The United States District Court
For The Eastern District of Virginia
Norfolk Division

United States Of America,

v.                                                             Case No. 2:18-CR-58

James William Thomas, III
    Defendant.

### Defendant's Position on Sentencing

Comes Now, the defendant, James William Thomas, III, in propria persona sui juris, pursuant to Rule 32 of the Federal Rules of Criminal Procedure and this Court's Sentencing Procedures Order (Dkt. no. 242) as well as in accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements and 18 U.S.C. § 3553(a), hereunder provides his position on sentencing:

### I.                           Objection

As an initial matter, the defendant pro se objects to the Court requiring defendant, by the threat of contempt of the Court, to address conduct he is alleged to have done in violation of federal laws. This constitutes a violation of this defendant's Fifth Amendment right to remain silent which does extend to the sentencing phase. Estelle v. Smith, 451 U.S. 454 (1981); Mitchell v. U.S., 526 U.S. 314 (1999); U.S. v. Caro, 597 F.3d 608, 628-630 (4th Cir. 2010).

It is clear that the sentencing procedures order referred to as having been violated is written for attorneys who are officers of the court and therefore "shall" comply with that Order to the letter. Defendant did not violate

1 of 6

this Order in any way shape or form. First, if anyone is to comply with a court deadline the court must—but did not—notify the litigant of the date.*1 In this case it was to be due at least seven (7) calendar days prior to the April 29, 2021 hearing. Second, the clause which the Court alleges violation of states: "If any objections are unresolved prior to the sentencing hearing, counsel for the defendant and the government shall file a pleading entitled 'APosition [sic] of Parties with Respect to Sentencing Factors....'" (Dkt. No. 242 at 2) (emphasis added). Black's Law Dictionary (5th Pkt. Ed. 2016) is devoid of anything resembling a "pro se counsel." It defines just "counsel" as: "One or more lawyers who having the authority to do so...." (emphasis added). Defendant is not a lawyer, he is a criminal defendant who waived his right to a lawyer to conduct litigation, such as readdressing objections already made in compliance with Rule 32(f)(1)&(2) Fed. R. Crim. P., on his behalf. Under the circumstances this defendant does still have "the right to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no penalty for such silence." Estelle, v. Smith, 451 U.S. 454, 468 (1981) (internal quotation and citation omitted).

    Defendant had every reason to rightfully understand that he never ever has an obligation to file any pleading addressing the alleged criminal conduct in a criminal proceeding against him. The Fifth Amendment to the United States Constitution guarantees it as recognized by robust interpretation by the United States Supreme Court. "The Constitution is what the judges say it is." — Chief Justice Charles Evans Hughes (said before he was on the Supreme Court). This Amendment guarantees in relevant part: "No person ... shall be compelled in any ~~any~~ criminal case to be a witness against himself...." (emphasis added). "Laws are made for men of common understanding, and should therefore be construed by the ordinary rules of common sense." — Thomas Jefferson. The United

---

n.*1. The record is littered with instances where this defendant has notified the Court of not being notified of various trial and hearing dates.

States Constitution is undoubtedly The Supreme Law of the Land. "Defiance of the law is the surest road to tyranny." — John F. Kennedy.

It is of a constitutional magnitude for a trial court to never capriciously order its underlying citizenry into a dilemma where they must risk loss of liberty for choosing to invoke their right. As is, this defendant lacks a right to remain silent by the fact I must now risk that further liberty to invoke it. Nevertheless, I do invoke my Fifth Amendment right in not appeasing the Court as Ordered "unless [I] choose[] to speak in the unfettered exercise of [my] own will[.]" Estelle, 451 U.S. at 468.

## II. Position on Objections

The defendant has fully complied with Rule 32(f)(1)&(2) Fed. R. Crim. P. and notes there are no local rules pertaining to sentencing in this matter. The defendant's objections are properly before the Court. Defendant "addresses each of these objections," 1,2,3,4,5,6,7,8,9,10,11,12,13,14, and 15. Defendant continues to stand behind every objection that was just individually addressed by its number.

The Government, however, has twice waived reliance on every fact objected to because they, (1) as officers of the court, (2) without constitutional concerns and (3) having been notified of the hearings' dates and times, have now twice failed to comply with the Sentencing Procedures Order (Dkt. No. 242) at paragraph nine (9). If evidence was sought to be presented at the sentencing hearing, the Government was required to provide as part of their position on sentencing pleading, "an outline of such evidence." This they did not do. Once defendant properly objected, the Government was required, if they could, to prove the accuracy of the PSR by a preponderance of the evidence. U.S. v. Felton, 79 F.3d 1142, (4th Cir. 1996). Accordingly,

Section II of this pleading is a motion for a finding of waiver by the Government.

Attached to this pleading are all of defendant's objections provided to the Probation Officer and Government which outline defendant's current position on the objections which remain. The Probation Officer deemed a large portion of the preliminary PSR to be irrelevant and deleted it. In light of that, the defendant hereby <u>abandons objection number one</u> in this attached document. Of all the remaining objections, defendant only acknowledges that objection number ~~two~~ one was resolved from the second part dated June 9, 2020. However, see objection number two from the first part; this more favorable objection still stands unresolved.

### III.        Motion for a Finding of Waiver by the Government

The defendant, James William Thomas, in propria persona sui juris, pursuant to the common law doctrines of waiver, forfeiture, tacit-admission, estoppel or how so liberally construed, does respectfully move this Honorable Court for an Order declaring that the Government has lost its right to claim certain facts and further argue them for which the defendant objected to within the Presentence Investigation Report.

In support, the defendant relies on the true facts asserted supra on page three, the Court's records, and the legal principles cited above.

### IV.        Position on Sentencing Factors

The Court's Order of April 23, 2021 orders defendant to address "the sentencing factors that the Court must consider under 18 U.S.C. § 3553(a)." (Dkt. No. 262 at 1-2). Defendant is not required to address

these factors revolving around the nature and circumstances of the alleged offense. Defendant invokes his Fifth Amendment right to remain silent and notes Rule 32(i)(4)(A)(ii) Fed. R. Crim. P. provides a second opportunity through allocution. If the Court still desires argument on these factors, the Court can Order its Standby Attorney to provide it.

## V. Objection

Defendant strenuously objects to what appears to be an Ordered rebuttal pleading by the Government to this defense position on sentencing. This is inferred from the Court Ordering that "[t]he Government's Supplemental Position on Sentencing shall be submitted **no later than eleven days AFTER Defendant has filed his Position on Sentencing**" (all as original). This evinces bias from the Court. Not only would the Government have knowingly waived reliance of the facts, but now they will get a third chance with the advantage of doing so in rebuttal. If this isn't how it goes down between defense attorneys and prosecutors, then it definitely shouldn't occur in this case.

James William Thomas, III
Western Tidewater Regional Jail
2402 Godwin Boulevard
Suffolk, Virginia 23434

Respectfully Submitted

By, _____
James William Thomas, III
On this 20th day of May 2021

## VI. Certification

I declare under the penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

*James William Thomas, III*

Executed in Suffolk, Virginia on May 20, 2021.