James William Thomas, III

Western Tidewater Regional Jail

2402 Godwin Boulevard

Suffolk, Virginia 23434

RECEIVED
JUN 15 2020
U.S. PROBATION OFFICE
NEWPORT NEWS, VA

June 9, 2020

To: Ms. Tara R. Gill,

    U.S. Probation Officer

    827 Diligence Drive, Suite 210

    Newport News, Virginia 23606

Re.: U.S. v. Thomas, Case No. 2:18-CR-58

    Supplemental Written Objections

Dear Ms. Gill:

    On June 9, 2020 I was first notified that the deadline for filing objections has been extended to June 15, 2020. In light of that extension, I went back through the P.S.R. and identified the following additional objections:

I.    Factors Material to Guideline Computations

1    As for paragraph ("Pgh") 160 assigning one unit for every individual convicted production count, in the alternative and at a minimum it would be objected that counts one & three should be grouped as they both pertain to R.G. and have the same date. Also, counts seven & eight should be grouped as they both pertain to S.W. and have the same date. (See USSG § 3D1.2 App. Notes 3 & 4). This alternative scenario would still equal the maximum five level increase. However, it will prevent pgh 160 from giving the appearance that there are more composite harms being claimed.

Facts Not Material to Guideline Computations

1. (A)   Objection is made to the P.S.R. at pgh. 15. It claims defendant produced child pornography in person with "victims". There is R.G. for which there are convictions regarding. It is disputed that there are others. At trial while questioning a witness the Government stated the same within a question and defendant objected. The Court never made a ruling because the Government conceded this fact by restating the question in the singular.

(B)   Within this same pgh, it states "[t]here were 186 saved chat conversations and 198 folders named after unidentified females." It goes on to state "[m]any of the folders named after unidentified females contained explicit images, non-explicit images, and/or screen shots from social media sites like Facebook or Myspace of specific females" All of this is misleading and creates undue prejudice. This needs to be narrowed down to which female named folders and chat conversations are relevant, i.e., how many are confirmed to contain conversations with minors and/or depictions of minors containing nudity or "erotica".

2.   Objection is made to the P.S.R. at pgh. 27. It erroneously states one topic of the chat conversation was about "getting pregnant". The conversation merely contains, allegedly R.G., confiding in the other party that a guy she once had a relationship with tried to get her pregnant. Defendant should not be claimed to have conversated about "getting pregnant" with a minor.

3.   Objection is made to the P.S.R. at pgh. 32. The sentence: "Victim #6 . . . believed she was 12 or 13 years old when they met" should be deleted. It creates the illusion that it may have been an on-going long term relationship while she was much younger. This creates undue prejudice because defendant is convicted for conduct allegedly occurring very near to her

2 of 3

12th birthday. This prejudice is further aggravated by what is stated two sentences after that: "... defendant bought her a matching bracelet and necklace." The age "12 or 13" along with the jewelry and the indictment conduct claiming sexual exploitation at near age 15 gives the perception that defendant groomed her. The fact is, the age she claims she believed she was many years later in 2018, is irrelevant and not correct or even believed correct by anyone. Therefore it needs to be removed. Note: the F.B.I. report states: "and initially believed that she was 12 or 13." This implies that her belief on that changed.

4. Objection is made to the P.S.R. at pgh 38. It claims eight victims were unable to be located and that is why they have not been interviewed. The truth is the addresses — for who S.A. Desy believes them to be— are known and documented in F.B.I report serial 31 for this case. F.B.I. Norfolk has never attempted or requested another F.B.I. division to seek interview. Pgh 38 should explain this.

5. Objection is made to the P.S.R. at pgh 41. The last sentence is apparently missing words from it and erroneously claims alleged victim #16 (D.H.) is listed in the "" 2010 f*ck List" column.

　　　　Ms. Gill, if you do not mind please mail back a copy of this as well as the first 8 page one. I am unable to make copies; I had to write both of these twice so I could also provide the Government a copy. By me also having a copy, it will make further communications, such as teleconference(s) more efficient. Thank You.

Sincerely,

James William Thomas, III

3 of 3