IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:18cr58 |
| | ) | |
| JAMES WILLIAM THOMAS, III, | ) | |
| | ) | |
| *Defendant.* | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE REPORT**

The United States of America, by and through its undersigned counsel, submits this response to the defendant's Objections to the Probation Officer's Pre-sentence Report. ECF No. 270. For the following reasons, the government submits that the objections should be overruled or not considered.

**Legal Standard**

Pursuant to Rule 32 of the Federal Rules of Criminal Procedure, at sentencing a District Court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing…" Fed.R.Crim.P 32(i)(B)(3). In considering a case where the defendant disputed his U.S. citizenship status, the Ninth Circuit Court of Appeals held that Rule 32(i)(B)(3) "is limited to factual disputes which affect the temporal term of the sentence the district court imposes." *United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007). In so ruling, the Ninth Circuit found that district court's have no obligation to "resolve disputes that affect only the manner and

1

location of service of the sentence…" *Id.* at 1180.  The Ninth Circuit observed that requiring sentencing judges to address every factual dispute "would create a hazard to navigation for sentencing judges." *Id*.  To force judges to address factual disputes not related to a sentence "would force sentencing judges to anticipate and resolve disputes beyond normal judicial reach." *Id*.

Furthermore, a defendant who objects to an item in the presentence report "has an affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate." *United States v. Terry*, 916 F.2d 157, 161 (4th Cir. 1990); (quoting *United States v. Mueller*, 902 F.2d 336, 346 (5th Cir. 1990)).  Without an affirmative showing the information is inaccurate, the court is "free to adopt the findings of the [presentence report] without more specific inquiry or explanation." *Id*.  The burden is on the defendant to show the inaccuracy or unreliability of the presentence report. *Id*.

<b><u>Defendant's Objections</u></b>

### I.  Defendant's Objection #1

The defendant has abandoned this objection.  *See* ECF No. 270 at 4.

### II.  Defendant's Objection #2

The defendant objects to the way the Probation Officer grouped Counts 1-4.  ECF No. 270-1 at 2-5.  According to the most recent Presentence Report, this objection appears to be resolved in the defendant's favor.  ECF No. 266 at 78-79.  Based upon this re-calculation, the defendant received a 5-level increase for a total offense level of 50, placing him 7 levels higher than the maximum level of 43 on the sentencing chart.  However, even if the defendant received

no increase to the offense level because of the grouping of counts, his total offense level would be 45 and still take him beyond the highest level of the sentencing table. ECF No. 266 at ¶169-174. Thus, this objection has no bearing on the defendant's final guideline range of life. As such, the government asserts the Court need not address this objection because it will not affect the temporal term of the sentence the Court imposes. *See Saeteurn*, 504 F.3d at 1181.

### III. Defendant's Objection #3

Defendant objects to receiving a four-level enhancement for photographs depicting bondage. ECF No. 270-1 at 5. The defendant was properly attributed an enhancement pursuant to Section 2G2.2(b)(4) of the sentencing guidelines for material that "portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler…" U.S.S.G. § 2G2.2(b)(4). The government will present evidence at the sentencing hearing demonstrating that the defendant possessed two images on the Iomega External Hard drive that depict sadistic and masochistic conduct. Specifically, the defendant possessed file 91c7529f.jpg., that depicts a prepubescent Asian female child, wearing a long sleeved blue-jean dress shirt, a diaper, and white athletic shoes. The child is laying on her back on a bed, with her hands duct-taped to her ankles, keeping her legs spread eagled. She also has duct tape on her mouth. The child's diaper appears to be ripped apart, exposing her vagina. The dress shirt is not buttoned, so her chest and stomach are also exposed.

The defendant also possessed file 052b1aaa76864c768bec658946c8c1f8_45162619_asiankidscambodiangirl13yos.jpg., that depicts a series of 16 images, likely from a video, that show a young Asian female, approximately 13-16 years old, undressed by a male wearing a red hood covering his face and a

white short sleeved t-shirt. The nude child performs oral sex on the adult male and is then viewed laying belly down on a bed, while her arms, ankles, and thighs are tied together with cord. She's then turned over, exposing her vagina, while the male stands overtop her on the bed. Additional images show her untied standing on the bed while the adult male appears to whip her buttocks and then her stomach.

These images constitute sadistic or masochistic conduct for the purposes of Section 2G2.2(b)(4). *See United States v. Lee*, 321 F. App'x 298, 301 (4th Cir. 2009) ("Pornographic images depicting the bondage of children are sadistic within the meaning of section 2G2.2(b)(4).") (citation omitted). These images will be presented at the defendant's sentencing for the Court's review.

The defendant's assertion that he had "five minutes of access" to the forensic materials in this case is false. ECF No. 270-1 at 5. As the Court knows, the defendant was appointed a forensic expert who spent hours reviewing the data in this case. Before that, the case agent met with the defendant on several occasions in preparation for trial and let the defendant review the child pornography images and materials in this matter for hours at a time. Finally, the defendant has lodged no request with the government since his conviction for any further review of the files in preparation of sentencing.

    **IV.**    **Defendant's Remaining Objection**

The defendant's remaining sentencing objections have no impact on the calculation of the sentencing guidelines and instead nitpick minor errors purportedly in the factual recitation of the presentence report. *See* ECF No. 270-1 at 5, (Defendant's Section II titled, "Facts Not Material to Guideline Computations"); *see also*, ECF No. 270-2 at 1-3, (Defendant's rehashing of

grouping argument and objecting to things such as a conversation about getting pregnant, purchasing a 15 year old a bracelet, the number of victims interviewed, and whether or not a victim belongs on the 2010 f*ck list).  These objections have no bearing on the properly calculated guideline calculation and need not be addressed by the Court under *Saeteurn*.  The PSR is detailed, accurate, and complete.  The items of which the defendant complains will have no affect on the sentence this Court imposes and the Court need not get bogged down on these trivial matters.

## Conclusion

For the foregoing reasons, the government requests the Court overrule or not consider the defendant's objections.  The government continues to assert a sentence of 55 years would satisfy the factors under 18 U.S.C. 3553(a), as outlined in its previously filed position paper.  ECF No. 261.  The government has also forwarded two victim impact statements to the Court.  Should any more be received prior to the sentencing in this matter, they will be promptly forwarded to the Court.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By:      /s/
Joseph L. Kosky
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number (757) 441-6331
Facsimile Number (757) 441-3205
E-Mail Address - joseph.kosky@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of June 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I caused a true and correct copy of the foregoing to be mailed to the following non-filing user:

James William Thomas, III
Western Tidewater Regional Jail
2402 Godwin Boulevard
Suffolk, VA 23434

                                                      _____/s/_____
                                                      Joseph L. Kosky
                                                      Assistant United States Attorney
                                                      Attorney for the United States
                                                      United States Attorney's Office
                                                      101 West Main Street, Suite 8000
                                                      Norfolk, Virginia 23510
                                                      Office Number (757) 441-6331
                                                      Facsimile Number (757) 441-3205
                                                      E-Mail Address - joseph.kosky@usdoj.gov