# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

UNITED STATES OF AMERICA

v.

JAMES WILLIAM THOMAS, III

Defendant.

Case Number: 2:18CR00058-001

USM Number: 92233-083

Defendant's Attorney: Laura Tayman (stand-by)

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty by a jury on Counts 1, 2, 3, 4, 6, 7, 8, 9, 10 and 11 after a plea of not guilty. The government dismissed Count 5 at trial.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Counts |
|---|---|---|---|---|
| T. 18 U.S.C. § 2251(a) and 2 | Production of Child Pornography | Felony | July 24, 2010 | 1, 2, 3, 4, 6, 7 and 8 |
| T. 18 U.S.C. 2252A(a)(5)(B) | Possession of Child Pornography | Felony | April 28, 2014 | 9, 10 and 11 |

As pronounced on July 14, 2021, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until the special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 19th day of July, 2021.

/s/
Arenda L. Wright Allen
United States District Judge

| | |
|---|---|
| Case Number: | 2:18CR00058-001 |
| Defendant's Name: | THOMAS, III, JAMES WILLIAM |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **FOUR HUNDRED EIGHTY (480) MONTHS**. This term of imprisonment consists of a term of THREE HUNDRED SIXTY (360) MONTHS on Counts 1, 2, 3, 4, 6, 7 and 8, all to be served concurrently and a term of ONE HUNDRED TWENTY (120) MONTHS on Counts 9, 10 and 11. Count 9 is to be served consecutively on all other counts. Counts 10 and 11 shall be served concurrently. This sentence shall run consecutive to the defendant's sentence in Southampton Circuit Court Under Docket Numbers CR14000306-00, CR14000311-00, CR14000313-00, CR14000315-00, CR14000317-00, and CR14000321-00.

The Court makes the following recommendations to the Bureau of Prisons:

1) The defendant shall be incarcerated in a facility as close to the Tidewater Virginia area as possible.

2) The defendant shall be incarcerated in a facility with a Residential Drug Abuse Program (RDAP) when and if the defendant qualifies.

3) The defendant shall be incarcerated in a facility with educational and vocational training.

4) The defendant shall be incarcerated in a facility that will provide a mental health evaluation, diagnosis and treatment as needed.

5) The defendant shall be incarcerated in a facility that will provide sex offender treatment.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By

_____
DEPUTY UNITED STATES MARSHAL

Case Number: 2:18CR00058-001
Defendant's Name: THOMAS, III, JAMES WILLIAM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **TWENTY-FIVE (25) YEARS**. This term consists of a term of TWENTY-FIVE (25) YEARS on Counts 1, 2, 3, 4, 6, 7, 8, 9, 10 and 11, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.
The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.
The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case Number: 2:18CR00058-001
Defendant's Name: THOMAS, III, JAMES WILLIAM

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall obtain a GED or a vocational skill during his period of supervision is not employed full time.

2) The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains, to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the court, upon the recommendation of the probation officer.

3) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

4) The defendant shall provide the probation officer access to any requested financial information.

5) If the defendant tests positive for illicit substances or alcohol during his period of supervised release, he shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial costs to be paid by the defendant, all as directed by the probation officer.

6) The defendant shall waive all rights of confidentiality regarding substance abuse in order to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

7) The defendant shall not consume any alcohol while on supervised release.

8) The defendant shall submit to polygraph testing as directed by the United States Probation Officer as part of his sex offender therapeutic program. The costs of the testing are to be paid by the defendant as directed by the probation officer.

9) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include a psychosexual evaluation, and sex offender treatment. The cost of this program is to be paid by the defendant as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment in order to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

10) The defendant shall submit to an Able Assessment for Sexual Interest (ASSI) or similar test as directed by the U.S. Probation Office as part of his sexual offender therapeutic treatment. The cost of the testing is to be paid by the deft as directed by the probation officer.

11) The defendant shall not engage in employment or volunteer services that allow him access to computers or minors.

12) The defendant shall not have any access to or possess any pornographic material or pictures displaying nudity or any magazines using juvenile models or pictures of juveniles.

13) The defendant shall have no contact with minors unless supervised by a competent, informed adult, approved in advance by the probation officer.

| | |
|---|---|
| Case Number: | 2:18CR00058-001 |
| Defendant's Name: | THOMAS, III, JAMES WILLIAM |

# SPECIAL CONDITIONS OF SUPERVISION
*(continued)*

14) The defendant shall not utilize any sex-related adult telephone services, websites, or electronic bulletin boards. The defendant shall submit any records requested by the probation officer to verify compliance with this condition including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

15) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law and as directed by the probation officer.

16) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision.

17) The defendant shall not possess or use a computer to access any online computer services at any location, including employment, without the prior approval of the probation officer. This includes any internet service providers, bulletin board systems, or any other public or private computer network.

Case Number: 2:18CR00058-001
Defendant's Name: THOMAS, III, JAMES WILLIAM

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Counts | Assessment | Fine | Restitution |
|---|---|---|---|
| 1, 2, 3, 4, 6, 7, 8, 9, 10 and 11 | $100.00 (per count) | $0.00 | $0.00 |
| | $0.00 | $0.00 | $0.00 |
| **TOTALS:** | **$1,000.00** | **$0.00** | **$0.00** |

## FINES

No fines have been imposed in this case.

## RESTITUTION

The Court determined that the defendant does not have the ability to pay interest and it is ordered that the interest requirement is waived for the restitution.

## FORFEITURE

SEE PRELIMINARY ORDER OF FORFEITURE ENTERED AND FILED ON APRIL 20, 2021

| | |
|---|---|
| **Case Number:** | 2:18CR00058-001 |
| **Defendant's Name:** | THOMAS, III, JAMES WILLIAM |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment is due and payable immediately. Any balance remaining unpaid on the special assessment at the inception of supervision, shall be paid by the defendant in installments of not less than $<u>200.00</u> per month, until paid in full. Said payments shall commence 60 days after defendant's supervision begins.

At the time supervision commences, the probation officer shall take into consideration the defendant's economic status as it pertains to his ability to pay the special assessment ordered and shall notify the court of any change that may need to be made to the payment schedule.

Since this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Any special assessment payments may be subject to penalties for default and delinquency.

Nothing in the court's order shall prohibit the collection of any judgment by the United States.